IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NORMAN SHAW, JR.,**

        **Plaintiff,**

                                      CIVIL ACTION
    **vs.**                                   No. 06-3041-SAC

**UNITED STATES OF AMERICA, et al.,**

        **Defendants.**

ORDER

This matter is before the court on a civil rights action filed by a person incarcerated at the Leavenworth, Kansas, facility operated by the Corrections Corporation of America (CCA). Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(a)(1), a prisoner seeking to bring a civil action without prepayment of fees must submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress. The court finds the motion for leave to proceed in forma pauperis filed by plaintiff satis-fies these requirements.

Pursuant to § 1915(a)(2), the prisoner also must submit a certified copy of the prisoner's institutional account for the six months immediately preceding the filing of the action from an appropriate official from each prison in which the inmate is or was incarcerated. Plaintiff has not yet submitted this information.

Likewise, pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of each civil action in which a prisoner seeks relief against a governmental entity, officer or employee. The court has conducted that review and is considering the dismissal of this action for the reasons set forth below.

The complaint names the United States District Court, Kansas City, Kansas, as the sole defendant to this action. Plaintiff asserts that he was illegally sent to Los Angeles for a competency evaluation without a proper hearing to delay trial proceedings in violation of his right to due process. He appears to claim his rights were violated in two ways; first, by the prosecution which "very well knew that [he] was more than competent and able to stand trial however they filed a motion without going through the proper process of necessary hearings" (Doc. 1, p. 3, Ct. 1), and second, that his rights

under the Sixth Amendment were violated when plaintiff was required to go to another institution without the proper hearings and for the "sole purpose of delaying the speedy trial and due process" (id., Ct. 2).

Plaintiff seeks damages and release from custody. The court takes judicial notice that trial in this matter is set for April 24, 2006.

To the extent plaintiff seeks release from confinement, he must assert such claims by a motion filed in his criminal action. A civil rights action brought pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) provides a damages remedy for violations of constitutional rights by federal agents sued in their individual capacity, but it is not the proper remedy for a party seeing release from confinement.

Next, to the extent plaintiff seeks damages against the prosecution, a claim suggested by the allegation that the defendant filed a motion without following proper procedures, no claim for relief is stated because it is settled law that prosecutors are shielded by absolute immunity from suit for activities "intimately associated with the judicial phase of the criminal process," such as commencing and pursuing a

criminal prosecution.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976).

Finally, to the extent the plaintiff may intend to name the federal judge presiding in his criminal action as a defendant, that defendant, too, is immune from suit.  A judge enjoys absolute immunity for actions taken in a judicial capacity.  <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991).

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff shall supply the court on or before April 28, 2006, with a certified copy of his institutional financial records for the six months preceding February 2006 from all facilities in which he was housed during that period.

IT IS FURTHER ORDERED that on or before April 28, 2006, the plaintiff shall show cause why this matter should not be dismissed for the reasons set forth herein.

IT IS FURTHER ORDERED the failure to file a timely response may result in the dismissal of this action without further notice to plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 12th day of April, 2006.

```
                         S/ Sam A. Crow
                         SAM A. CROW
                         United States Senior District Judge
```